## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>   Plaintiff, | §<br>§<br>§ |
| vs. | §<br>§ |
| TARRANT ROOFING LLC;<br>TARRANT ASSETS MANAGEMENT,<br>LLC; and TEXAS COMMERCIAL<br>CONTRACTORS, LLC.<br>   Defendants | §<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff STATE OF TEXAS, acting by and through the Attorney General of Texas, GREG ABBOTT, files this Complaint against TARRANT ROOFING LLC; TARRANT ASSETS MANAGEMENT, LLC; and TEXAS COMMERCIAL CONTRACTORS, LLC. and for causes of action would respectfully show as follows:

### JURISDICTION AND VENUE

1.     This action is brought by Attorney General Greg Abbott, through his Consumer Protection Division, in the name of the STATE OF TEXAS and in the public interest, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq.* (West 2009 & Supp. 2013) ("Texas No Call Act"), and the

Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (West 2011 & Supp. 2013) ("DTPA").

2.      This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2).  This Court further has jurisdiction over the subject matter of the claims under the TCPA and the Telemarketing Act pursuant to 28 U.S.C. § 1331, and has pendant jurisdiction over the subject matter of the Texas No Call Act, DTPA and other state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue of this suit lies in the Northern District of Texas, Dallas Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Northern District of Texas, as more specifically alleged below.  Venue further lies in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim alleged herein occurred within the Northern District of Texas.

## DEFENDANT

4.      Defendant Tarrant Roofing, LLC, is a limited liability company formed under the laws of the State of Texas, with its principle place of business at 4101 Airport Freeway, Ste. 209, Bedford, TX  76053.

5.      Defendant Tarrant Assets Management, LLC, is a limited liability company formed under the laws of the State of Texas, with its principle place of business at 4101 Airport Freeway, Ste. 209, Bedford, TX  76053.

6.      Defendant Texas Commercial Contractors, LLC, is a limited liability company formed under the laws of the State of Texas, with its principle place of business at 4101 Airport Freeway, Ste. 209, Bedford, TX  76053.

## ACTS OF AGENTS

7.     Whenever it is alleged in this petition that Defendants did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## TRADE AND COMMERCE

8.     The Defendants have, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by § 17.45(6) of the DTPA.

## PUBLIC INTEREST

9.     Plaintiff, STATE OF TEXAS, has reason to believe that Defendants have engaged in and continue to engage in a pattern or practice of unlawful practices as set forth below.  Plaintiff also has reason to believe that Defendants have caused and will continue to cause injury, loss and damage to the STATE OF TEXAS, and will also cause adverse effects to legitimate business enterprises which lawfully conduct trade and commerce in this State.

## STATEMENT OF FACTS

10.    Defendants have harassed countless Texas consumers through a campaign of abusive telemarketing calls to their homes, offices, and cell phones.   In placing such calls, including calls to consumers in the Northern District of Texas, Defendants utilize an automated telephone dialing system. Many of Defendants' calls were delivered to the cell phones of Texas consumers without the consent of such consumers. Moreover, many of Defendants' calls were made to persons who were properly registered on the state

and/or federal do not call registries.

11.     Consumers frequently complain to Defendants' sales representatives about receiving the calls.  Defendants sometimes try to justify the calls by claiming the consumer is not on the do not call list (even when the consumer is on the list), or misrepresent the fact that the do not call laws do not apply to them.  Other times, they represent that they will take the consumer off of their calling list.  Despite such promises, Defendants continue to call consumers that have complained or that have requested Defendants not call.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

12.     Plaintiff realleges paragraphs one through eleven and incorporates them herein as if set forth here in full.

13.     The TCPA, 47 U.S.C. 277, *et seq.*, was enacted to, among other things, protect the privacy interests of residential and wireless telephone subscribers from invasive telemarketing practices, particularly the use of automated dialing equipment or prerecorded voices to make unsolicited telemarketing calls.  The TCPA provides, for example, that it "shall be unlawful for any person within the United States or any person outside the United States if the recipient is in the United States, to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service..." 47 U.S.C. 227(b)(1)(A)(iii).

14.     Defendants have violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii) by making

unsolicited telephone calls to Texas consumers' cell phones using an automatic telephone

dialing system and/or an artificial or prerecorded voice.

15.     The TCPA mandates that the Federal Communications Commission promulgate

rules implementing the statute.  Those regulations in relevant part provide that "[n]o

person or entity may…initiate any telephone call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice…to any telephone number

assigned to a… cellular telephone service…     47 C.F.R. § 64.1200(a)(1)(iii).   The

regulations go on to provide that "[n]o person or entity may…initiate, or cause to be

initiated, any telephone call that includes or introduces an advertisement or constitutes

telemarketing, using an automatic telephone dialing system or an artificial or prerecorded

voice …to any [telephone number assigned to a…cellular telephone service], other than a

call made with the prior express written consent of the called party… 47 C.F.R. §

64.1200(a)(2).

16.     Defendants have violated 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2) by

making and/or causing to be initiated unsolicited telephone calls to Texas consumers' cell

phones using an automatic telephone dialing system and by making unsolicited telephone

calls to Texas consumers' cell phones using an artificial or prerecorded voice.

17.     The regulations promulgated by the FCC pursuant to the TCPA further provide

that "[n]o person or entity shall initiate any telephone solicitation to… a residential

telephone subscriber who has registered his or her telephone number on the national do-

not-call registry…." 47 C.F.R. § 64.1200(c)(2).

18.     The Defendants have violated § 64.1200(c)(2) by making calls to residential

telephone numbers that are registered on the national do-not-call registry.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT

19.     Plaintiff realleges paragraphs one through eighteen and incorporates them herein as if set forth in full.

20.     Congress passed the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101-6108 to prohibit abusive and deceptive telemarketing acts or practices.     Subsequently, the Federal Trade Commission ("FTC") pursuant to Congressional mandate adopted the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310 and its amendments, 68 Fed. Reg. 4580, 4669.

21.     Each Defendant is a "seller" and/or "telemarketer" engaged in "telemarketing" and Defendants have initiated, or has caused to be initiated, "outbound telephone calls" to consumers to induce the purchase of goods or services, as those terms are defined in the TSR, 16 C.F.R. § 310.2.

22.     The TSR prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the do-not call registry.  16 C.F.R. § 310.4(b)(1)(iii)(B).

23.     The Defendants have violated the TSR by making telephone calls to persons in Texas whose numbers are registered on the national do-not-call registry.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS TELEMARKETING DISCLOSURE
## AND PRIVACY ACT

24.     Plaintiff realleges paragraphs one through twenty-three and incorporates them herein as if set forth in full.

25.     The Texas Telemarketing Disclosure and Privacy Act ("Texas No Call Act") makes it unlawful for a telemarketer to make a telemarketing call to a telephone number that has been published on the then-current Texas no call list for more than 60 days. Tex. Bus. & Com. Code § 304.052. The Defendants have violated the Texas No Call Act by making telephone calls to telephone numbers that were included on the then-current Texas no call list for longer than 60 days.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

26.     Plaintiff realleges paragraphs one through twenty-five and incorporates them herein as if set forth in full.

27.     The DTPA prohibits any false, misleading or deceptive acts and practices in the conduct of any trade or commerce. Tex. Bus. & Com. Code § 17.46(a). Defendants, as alleged and detailed above, have violated the DTPA by misrepresenting their authority to call consumers and misrepresenting that they will stop calling consumers who have complained or who request to be placed on Defendants' internal do not call lists.

## PRAYER

28.     By reason of the acts and practices described herein above, Defendants have violated and will continue to violate the federal and state laws set forth above unless this Honorable Court enjoins him from doing so.

29.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein; that after due notice and hearing a temporary injunction be issued on the terms set forth below; and that upon final hearing, a permanent injunction be issued, restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, from violating the TCPA, the FCC regulations promulgated pursuant to the TCPA, the TSR, or the DTPA, including but not limited to:

     a.    Placing any telephone call or causing any telephone call to be placed using an automated telephone dialing system to any cellular telephone number assigned to a Texas consumer;

     b.    Placing any telephone call or causing any telephone call to be placed using an automated or prerecorded message to any cellular telephone number assigned to a Texas consumer;

     c.    Placing any telephone call or causing any telephone call to be placed to any Texas telephone number that has been placed on the federal do not call registry or the Texas no call registry;

     d.    Placing any telephone call or causing any telephone call to be placed using any automated or prerecorded voice message without the prior express, written consent of the call recipient;

     e.    Placing any telephone call or causing any telephone call to be placed to any Texas telephone number without transmitting Defendant's accurate telephone number and business name to any caller identification service in use by the called party;

f.   Placing any telephone call or causing any telephone call to be placed to any Texas telephone number while transmitting any inaccurate or misleading caller ID information;

g.   Misrepresenting, directly or indirectly, the entity that is making any telephone call to a Texas telephone number, including but not limited to using any false caller ID information or using any unregistered business name;

h.   Making any telephone solicitations from a location in Texas or to a person in Texas unless Defendant has a valid telephone solicitation registration certificate from the Texas Secretary of State as required by Tex. Bus. & Com Code § 302.101.

30.   In addition, Plaintiff STATE OF TEXAS respectfully prays that this Court adjudge against Defendants civil penalties in favor of Plaintiff STATE OF TEXAS in the following amounts for violations of the TCPA:

a.   Five Hundred and No/100 Dollars ($500.00) for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200; and

b.   One Thousand Five Hundred and No/100 Dollars ($1,500.00) for each such violation that was committed knowingly or willfully.

31.   Plaintiff STATE OF TEXAS further respectfully prays that this Court enjoin Defendants' telemarketing practices as alleged above, and Order the Defendants to pay damages, restitution, or other compensation on behalf of residents of Texas, or to Order such further and other relief as the court may deem appropriate for violations of the TSR.

32.     Plaintiff further respectfully prays that this Court adjudge against Defendants civil penalties in the amount of:

      a.     One Thousand and No/100 Dollars ($1,000.00) for each violation of the Texas No Call Act; and

      b.     Three Thousand and No/100 Dollars ($3,000.00) for each violation of the Texas No Call Act that was committed knowingly or willfully;

      c.     Five Thousand and No/100 Dollars ($5,000.00) for each violation of Chapter 302 of the Tex. Bus. & Com. Code; and

      d.     Twenty Thousand and No/100 Dollars ($20,000.00) for each violation of the DTPA.

33.     Plaintiff STATE OF TEXAS further prays that this Court order Defendants to pay all costs of Court, costs of investigation, and reasonable attorneys' fees pursuant to TEX. GOV'T CODE § 402.006(c).

34.     The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

                                        Respectfully submitted,

                                        GREG ABBOTT
                                        Attorney General of Texas

                                        DANIEL T. HODGE
                                        First Assistant Attorney General

                                        JOHN B. SCOTT
                                        Deputy Attorney General for Civil Litigation

TOMMY PRUD'HOMME
Chief, Consumer Protection Division


C. BRAD SCHUELKE
State Bar No. 24008000
Assistant Attorney General
CONSUMER PROTECTION DIVISION
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2185 (telephone)
(512) 473-8301 (facsimile)